**BINKLEY MINING CO. OF MISSOURI v. WHEELER, Acting Director, Bituminous Coal Division, Department of the Interior, et al.**

No. 12368.

Circuit Court of Appeals, Eighth Circuit.

Feb. 10, 1943.

Rehearing Denied March 5, 1943.

Henry Adamson, of Terre Haute, Ind. (Russell Blair and Lloyd C. Adamson, both of Terre Haute, Ind., on the brief), for petitioner.

Raymond G. Irvine, Chief, Compliance Proceedings Unit, Bituminous Coal Division, United States Department of Interior, of Washington, D. C. (Warner W. Gardner, Solicitor, United States Department of Interior, Arnold Levy, Gen. Counsel, and Jesse B. Messitte, Asst. Gen. Counsel, and Harry I. Rand and Erwin B. Ellmann, and Dennis J. Lindsay, Attys., Bituminous Coal Division, United States Department of Interior, all of Washington, D. C., on the brief), for respondents.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This petition to review a cease and desist order issued June 4, 1942, by the Director of the Bituminous Coal Division of the Department of the Interior was submitted to this court at the same time with the similar petition of the same Binkley Mining Company in No. 12,367. This petition asks for review and reversal of the same order and decision of the Director in which petitioner was found to have wilfully violated the Bituminous Coal Code by cutting prices of coal in sales it made to Western Tablet and Stationery Company and in sales it made to Omar, Incorporated. This petition is for review of the Director's order in so far as his action is based on the complaint, proceedings, evidence and report respecting the sales by petitioner to its customer Omar, Incorporated, a Nebraska corporation operating a baking plant located at Omaha, Nebraska, and a distributing warehouse at Lincoln, Nebraska.

The proceedings against petitioner in this case were commenced, as in No. 12,367, by complaint duly filed by Bituminous Coal Producers' Board for District No. 15, with the Bituminous Coal Division in Washington, on June 12, 1941. It charged wilful violation in sales of coal made by petitioner to Omar, Incorporated. The same action was taken in respect to notice setting the matter for hearing, proceedings by the Board and petition to dismiss and terminate the matter, denial of such petition, carrying the matter forward through counsel of the Division, taking of the testimony and report by the Examiner, exceptions, rulings, review, decision and final order of the

Director as set forth in No. 12,367. Applying our decision in No. 12,367, we discuss in this case only the question whether there was substantial evidence to support the Director's conclusion that the petitioner wilfully committed the violation charged in the complaint. Other questions are briefed and argued but they have been sufficiently considered in No. 12,367.

The Examiner included in his report a finding in practically the words of the complaint, that the Binkley Mining Company did sell during the period from October 15, 1940 to March 3, 1941, inclusive, approximately 141 tons of 1¼" washed screenings, produced at the Bee Veer Mine, located in Macon County, Missouri, to Omar, Incorporated, at Lincoln, Nebraska, at a price of $1.49 per ton f.o.b. the mine, whereas such coal was entirely used for domestic purposes for which the applicable minimum price is $1.65 per ton f.o.b. the mine.[1] The Director on review before him adopted that finding as his own and on examination of the record we think it was clearly supported by substantial evidence and that the acts of violation charged in the complaint were established.

But both the Examiner and the Director also found and concluded that there was wilful violation within the meaning of Bituminous Coal Act of 1937, Section 5(b), 15 U.S.C.A. § 835(b). Petitioner contends here, as it did in No. 12,367, that the element of wilfulness was lacking.

Although there were some differences attending the sales made by petitioner to its St. Joseph customer and those here involved, made to Omar, Incorporated, at its warehouse in Lincoln, Nebraska, both were made through authorized salesmen. In this case the salesman was A. R. Toomey. He testified that he called on Omar every week. The orders for the three cars of coal in question were telephoned to him and he applied the industrial price on the three cars going to the Lincoln warehouse because they were shipped under the general contract between petitioner and Omar for all coal used by Omar and he assumed that "it was the same as their Omaha plant, and there were no questions asked about it." He knew that according to the Effective Minimum Prices promulgated under the Code there was a price distinction between coal going for industrial use and coal going for commercial use.

There was testimony of the salesman and petitioner's managing officer that there was no intention on petitioner's part or on the part of its agents to violate the price provisions in respect to sales of coal for the Omar's Lincoln warehouse plant, but we are not persuaded that the inference of "wilful violation" which the Examiner and the Director drew from the circumstances of the violation disclosed by the evidence and established by the findings was not an inference which could be fairly and reasonably deduced.

The petition herein is also denied.

---

[1] One carload was shipped originally to Omaha, Nebraska, but was re-consigned in transit to Lincoln, Nebraska.